ANGIE C. ROPER and others *v*. JOHN Y. ROPER and others.

April Term, 1875.

JURISDICTION DEPENDENT UPON MATERIAL DEFENDANTS FOUND IN THE COUNTY. — Upon bill filed in this court by a wife against her husband and the personal representatives and devisees of the husband's father, to set aside a sale of land lying in another county, by the husband and wife, to

the husband's father, or, if this cannot be done, to charge the father's estate with the purchase-money, and have the same declared a lien on the land, the fact that the husband resides in this county and the further fact that process was served upon the father's personal representative in this county, are sufficient to give this court jurisdiction, although the father's representative and devisees live in the other county.

*J. K. Hubbard*, for complainants.

*J. J. Turner*, for defendants.

THE CHANCELLOR: — Bill by the wife and children of John Y. Roper, Jr., against the said John Y. Roper, Robert Smith, administrator with the will annexed of John Y. Roper, Sr., deceased, and against Mary, John, and Zack Martin, sole devisees under the will of John Y. Roper, Sr. The bill is filed to set aside a sale of a certain tract of land in the county of Trousdale, sold and conveyed by John Y. Roper, Jr., and wife, to John Y. Roper, Sr., upon the ground that the sale was in violation of a deed of settlement of the same land by John Y. Roper, Sr., and Henry S. French on complainant and her children; but if the sale cannot be set aside, then to charge the estate of John Y. Roper, Sr., with the purchase-money, and have the same declared a lien upon the land. The complainants and John Y. Roper, Jr., are residents of Davidson County, Tennessee; all the other defendants are residents of Trousdale County; but Smith, being temporarily in Davidson County, was served with process in said county.

Smith demurs to the bill because (1) the land lies in the county of Trousdale; (2) the material defendants reside in that county; (3) the bill is multifarious; (4) want of equity.

The bill clearly contains equity, and is not multifarious because it asks for relief in the alternative. All the material defendants do not reside in Trousdale County, because John Y. Roper, Jr., is a material defendant, he having joined his wife in the conveyance sought to be set aside, and received the consideration paid, and being by law a

trustee for his wife in the absence of any other trustee. The fact that the land lies in the county of Trousdale would have given the Chancery Court of that county jurisdiction under the Code, sec. 4311, subsec. 2. But that fact does not deprive this county of jurisdiction as the county in which a material defendant resides, under the same section, subsection 1. Moreover, the suit is properly instituted in this county as against the defendant Smith, under section 4305, he being a material defendant found in this county. If it be inconvenient for the defendants to make defence in this county, it would be equally inconvenient for the complainants to assert their rights in Trousdale. But this is a matter with which the court has nothing to do. Overrule the demurrer. (See, now, Act of 1877, ch. 107.)